1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9 | KEVIN E. FIELDS,

CASE NO. 1:11-cv-00669-LJO-SKO PC

10                      Plaintiff,

FIRST SCREENING ORDER DISMISSING
AMENDED COMPLAINT, WITH LEAVE TO

11      v.

AMEND, FOR FAILURE TO STATE A CLAIM
UNDER SECTION 1983

12 | MAURICE JUNIOUS, et al.,

(Doc. 1)

13                      Defendants.

THIRTY-DAY DEADLINE

14                                       /

15

### First Screening Order

16

## I.       Screening Requirement and Standard

17

Plaintiff Kevin E. Fields, a state prisoner proceeding pro se, brought this civil action for

18

violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983. Defendants Vasquez and

19

Jones removed the action, which was proceeding on Plaintiff's amended complaint, from Kings

20

County Superior Court on April 26, 2011. 28 U.S.C. § 1441(b).

21

The Court is required to screen complaints brought by prisoners seeking relief against a

22

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

23

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

24

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

25

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

26

A complaint must contain "a short and plain statement of the claim showing that the pleader

27

is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

28

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

3   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

4   allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.

5   Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

6   omitted).

7        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

8   liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

9   higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

10  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

11  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

12  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572

13  F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not

14  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal,

15  556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

16  **II.    Summary of Amended Complaint**

17       **A.    Allegations**

18       Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this suit

19  against Warden Maurice Junious; prison mailroom staff members B. Silva, M. Ossi, L. Vasquez, and

20  S. Jones; and Does 1-25 for violating his rights under the United States Constitution.

21       Plaintiff alleges that between February 2008 and May 2009, Defendants Silva, Vasquez,

22  Jones, and Does 1-25 withheld, lost, and/or destroyed mail from family, friends, publishers, courts,

23  and attorneys without written notice setting forth the reasons for confiscation. Plaintiff appealed the

24  interference with his mail on August 27, 2008, and November 25, 2008.

25       Plaintiff alleges that as a result of the interference with his mail, he was unable to get his

26  witnesses transported to court to testify on his behalf in a criminal case in which he was representing

27  himself. He alleges claims for denial of access to the courts, interference with his right to self-

28  representation, and retaliation.

2

1    **B.    Claims Arising from Interference with Criminal Trial Proceedings**

2         **1.    Applicable Legal Standards**

3              **a.    Retaliation**

4    Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

5    the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

6    1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

7    F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

8    retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

9    against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

10   the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

11   a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord

12   Watison v. Carter, No. 10-16778, 2012 WL 432296, at *3 (9th Cir. Feb. 13, 2012); Brodheim v. Cry,

13   584 F.3d 1262, 1269 (9th Cir. 2009).

14             **b.    Denial of Access to the Courts**

15   Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

16   U.S. 343, 346, 116 S.Ct. 2174 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).  The right

17   of access to the courts is merely the right to bring to court a grievance the inmate wishes to present,

18   and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S.

19   at 354.  To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court.

20   Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips,

21   588 F.3d at 655.

22             **c.    Right to Self-Representation**

23   The Sixth Amendment guarantees Plaintiff the right to represent himself in criminal

24   proceedings, Faretta v. California, 422 U.S. 806, 834-36, 95 S.Ct. 2525 (1975), and that right

25   includes access to law books, witnesses, and other tools necessary to prepare a defense, Taylor v.

26   List, 880 F.2d 1040, 1047 (1989) (quotation marks and citation omitted); Milton v. Morris, 767 F.2d

27   1443, 1446-47 (9th Cir. 1985).

28   ///

3

1          **2.      Discussion**

2          It has long been established that state prisoners cannot challenge the fact or duration of their

3   confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson

4   v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination

5   rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek

6   to invalidate the duration of their confinement - either directly through an injunction compelling

7   speedier release or indirectly through a judicial determination that necessarily implies the

8   unlawfulness of the State's custody."  Wilkinson, 544 U.S. at 81.  Thus, "a state prisoner's [section]

9   1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable

10  relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

11  prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of

12  confinement or its duration."  Id. at 81-2.

13         Plaintiff was prosecuted for and found guilty of two counts of battery on a nonconfined

14  person.  People v. Fields, No. F057804, 2010 WL 2280613, at *1 (Cal.App. 5 Dist. 2010).  For the

15  first count, Plaintiff was sentenced to 25 years to life plus three years, consecutive to the 25 years

16  to life plus nine years he was already serving, and for the second count, Plaintiff was given the same

17  sentence, stayed.  Fields, 2010 WL 2280613, at *1.  As a result of his criminal conviction, Plaintiff

18  is barred from litigating in this action any claim which would necessarily imply the invalidity of the

19  conviction.  Included within the purview of this bar are Plaintiff's claims that Defendants denied him

20  access to the courts, interfered with his right to self-representation, and retaliated against him, all of

21  which allegedly caused him to be unable to call his inmate witnesses to testify on his behalf in the

22  criminal case proceedings.  Accordingly, Plaintiff may not pursue those constitutional claims in this

23  action.

24         **C.      Other Claims**

25         Given Plaintiff's very broad claim of interference with mail, Plaintiff may be able to file a

26  second amended complaint setting forth claims for relief which do not relate to the criminal

27  proceedings against him or his conviction, and the Court will provide him with one opportunity to

28  do so.  However, Plaintiff must link each named defendant to specific acts or omissions which

1   demonstrate a violation of his rights.  Vague or conclusory allegations of mail interference will not

2   suffice to state a plausible claim for relief.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d

3   at 969.

4        In addition to the legal standards set forth in subsection B(1), Plaintiff shall note that liability

5   may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each

6   defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49;

7   Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  Supervisors may only be held liable

8   if they "participated in or directed the violations, or knew of the violations and failed to act to

9   prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d

10  1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler

11  II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.

12  Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

13       Further, while prisoners have a First Amendment right to send and receive mail, Witherow

14  v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is

15  subject to substantial limitation and a regulation or policy infringing on the right will be upheld if

16  it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d

17  692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).

18  Censorship of outgoing prisoner mail, on the other hand, is justified if the following criteria are met:

19  (1) the regulation furthers an important or substantial government interest unrelated to the

20  suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater

21  than is necessary or essential to the protection of the particular governmental interest involved.

22  Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800 (1974) (overturned by Thornburgh v.

23  Abbott, 490 U.S. 401, 413-14, 109 S.Ct. 1874 (1989) only as test relates to incoming mail - Turner

24  test applies to incoming mail) (quotation marks omitted); Barrett v. Belleque, 544 F.3d 1060, 1062

25  (9th Cir. 2008) (Procunier applies to censorship of outgoing mail).

26  **III.    Conclusion and Order**

27       Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide

28  Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure

1  the deficiencies identified.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson,

2  809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding

3  new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

4  2007) (no "buckshot" complaints).

5      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

6  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

7  U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

8  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555

9  (citations omitted).

10      Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

11  F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

12  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

13  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

14  amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

15  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

16      Based on the foregoing, it is HEREBY ORDERED that:

17      1.   The Clerk's Office shall send Plaintiff a complaint form;

18      2.   Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

19           be granted under section 1983;

20      3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

21           amended complaint; and

22      4.   If Plaintiff fails to file an amended complaint in compliance with this order, this

23           action will be dismissed, without prejudice, for failure to state a claim under section

24           1983.

25

26  IT IS SO ORDERED.

27  **Dated:    March 11, 2012**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE
28