# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00669-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 16)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Screening Requirement and Standard**

Plaintiff Kevin E. Fields, a state prisoner proceeding pro se, brought this civil action for violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983. On April 26, 2011, Defendants Vasquez and Jones removed the action, which was proceeding on Plaintiff's amended complaint, from Kings County Superior Court. 28 U.S.C. § 1441(b).

On March 12, 2012, the Court screened Plaintiff's amended complaint and dismissed it, with leave to amend, for failure to state any claims under section 1983. Plaintiff filed a second amended complaint on May 1, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Second Amended Complaint

### A.     Allegations

Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this suit against prison mailroom employees L. Vasquez, S. Jones, and Does 1-25 for violating his rights under the United States Constitution.

Plaintiff alleges that between February 1, 2008 and December 31, 2008, Defendants Vasquez, Jones, and Does 1-25 intentionally withheld, lost, and/or destroyed ten issues of Plaintiff's Ebony and Vibe magazines and thirty-two issues of Plaintiff's Jet magazine.

Plaintiff also alleges that on May 3, 2008, his mother mailed him paper, stamps, and envelopes, and on August 27, 2008, his sister-in-law mailed him a book of stamps. Plaintiff alleges that Defendants Vasquez, Jones, and Does 1-25 intentionally withheld, lost, or destroyed the items.

///

Plaintiff alleges that he was not given any notice of the withholding, loss, or destruction of the aforementioned items, as required by prison policy, and that Defendants' actions failed to reasonably advance any legitimate correctional goal.

### B. Property Deprivation

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.[1]

The bases for Plaintiff's property deprivation claims are the allegedly wrongful and intentional deprivations of his property through confiscation, destruction, or loss. Defendants' actions as described were unauthorized acts not redressable under the Due Process Clause. This deficiency is not curable through amendment and the Court recommends dismissal of Plaintiff's due process claim, with prejudice.

### C. Interference with Incoming Mail

Plaintiff also alleges a claim arising from interference with his incoming mail. Prisoners have a First Amendment right to send and receive mail and allegations that prison employees are interfering with this right by confiscating, destroying or losing an inmate's incoming mail may support a claim for relief. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted). However, the factual allegations set forth in the preceding section comprise all of the facts

---

[1] California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

3

pled. As a result, there is no factual support provided for Plaintiff's conclusory allegation that it was Defendants Vasquez, Jones, and Does 1-25 who wrongfully confiscated his incoming mail.

While the Court is mindful of the federal notice pleading standard, that standard is not so minimal as to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[2] Iqbal, 556 U.S. at 678-79. Plaintiff concludes that Defendants Vasquez, Jones, and Does 1-25 wrongfully interfered with his incoming mail, but it is an assertion devoid of further factual enhancement and therefore, it falls short of supporting a plausible claim for relief against Defendants. Id.

### III. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state any claims under section 1983. The deficiencies in Plaintiff's due process claim are not curable and Plaintiff was previously provided with notice and an opportunity to cure the deficiencies in his First Amendment claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///
///

---

[2] The Court is also mindful that Plaintiff is proceeding pro se. However, Plaintiff is not unversed as a litigator of civil rights and habeas actions, having pursued twenty such actions in this district. As a result, Plaintiff is not unfamiliar with the pleading standard or the need to include more than bare, conclusory allegations of liability. Whatever the cause of Plaintiff's inability or unwillingness to shed additional light on what happened regarding the allegedly wrongful confiscation of his incoming mail, he is familiar generally with the need to ensure adequate linkage between the misconduct complained of and the parties accused of that misconduct.

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  May 23, 2012**                                    /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE